GRAWEY v BOARD OF ROAD COMMISSIONERS OF THE
COUNTY OF GENESEE

1. NEGLIGENCE—EVIDENCE—SUBSEQUENT REPAIR.

It is a general rule of law that in an action against a road
commission for negligence in maintaining a road evidence of
subsequent repair is inadmissible to show negligence, and this
rule should be adhered to unless there is a clear foundation for
an exception to the rule since such evidence is tantamount to
an admission of negligence and is bound to prejudice a defend-
ant who is charged with negligent conduct.

2. NEGLIGENCE—EVIDENCE—SUBSEQUENT REPAIR—NEW TRIAL.

Introduction of evidence of subsequent repair in a negligence case
against a road commission for failure to maintain a road
required a new trial where the trial judge failed to give a
ruling on the issue despite a request to do so by defense counsel
at the very outset of the trial, the evidence of subsequent
repair was prematurely injected by plaintiff's counsel even
though it could only properly have been introduced by plaintiff
in rebuttal to a defense reserved by defendant in the pretrial
order but later waived by defendant, and where the trial judge
made no effort to correct the error by a proper instruction to
the jury, even though requested to do so by attorneys for both
parties.

3. TRIAL—ARGUMENT OF COUNSEL—IMPROPER REMARKS—NEW TRIAL
—DISCRETION.

Remarks by plaintiff's counsel in closing argument which re-
ferred to the purported courtroom behavior of persons which
was not a part of the record were not a proper matter for
consideration by the jury; although such remarks alone might
not have warranted granting a new trial, a review of the trial
judge's decision to grant a new trial pertains to the entire
conduct of the trial and the judge's exercise of discretion will
be upheld by an appellate court unless a clear abuse of discre-
tion is shown.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 57 Am Jur 2d, Negligence §§ 47, 90.
[3] 5 Am Jur 2d, Appeal and Error § 622.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 May 16, 1973, at Lansing. (Docket No. 13629.) Decided August 27, 1973. Leave to appeal denied, 390 Mich —.

Complaint by Robert H. Grawey, for himself and as guardian of the estates of Tamara J. Grawey and Robert A. Grawey, against the Board of Road Commissioners of Genesee County for damages resulting from an automobile accident. Jury verdict for plaintiff vacated and a new trial ordered. Plaintiff appeals by leave granted. Order granting new trial affirmed.

*Benton, Hicks, Beltz, Behm & Nickola,* for plaintiff.

*Thomas & Delaney,* for defendant.

Before: FITZGERALD, P. J., and T. M. BURNS and ADAMS,* JJ.

ADAMS, J. Plaintiff brought this action to recover damages for injuries sustained by his minor children Tamara J. and Robert A. Grawey as a result of an automobile accident allegedly caused by defendant's failure to keep a portion of West Stanley Road in Genesee County in reasonable repair. This appeal, upon leave granted, is from an order by the trial judge vacating a jury verdict for plaintiff and ordering a new trial.

Defendant's motion for a new trial listed the following reasons supporting the motion:

"1. Because of the constant referral by the plaintiff's attorney to the fact that he would show that Stanley Road was repaired and resurfaced after the accident * * * .

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"2. Because of the highly prejudicial argument to the jury by plaintiff's counsel when he made reference to defendant's witness, Mr. Wachowski:

" 'Now the road commission has perhaps a different attitude about this lawsuit than I do. I saw Mr. Wachowski when Doctor Wolf was testifying about Tammy's back condition sitting back there, smirking and smiling, holding a coat over his face and laughing, talking with Mr. Streichert.'

*  *  *

"3. Because the verdict in this case, if permitted to stand, will result in great miscarriage of justice."

The trial judge, in an opinion granting a new trial, specifically took note of an incident during the course of plaintiff's counsel's opening statement when reference was made to resurfacing of the road by defendant subsequent to the accident, and also noted the statement made by plaintiff's counsel during closing argument, quoted under (2) above. The court concluded:

"It is possible that plaintiff's counsel could make a good argument in justification of each specific incident but *a broad overall view of the entire trial and the accumulation of incidents compels the vacating of the jury verdict and awarding a new trial."* (Emphasis added.)

In considering this appeal, counsel for plaintiff would have us restrict our review of this matter to the two incidents referred to specifically by the trial judge, instead of reviewing the entire trial. We decline to do so. In reviewing the trial judge's exercise of discretion, we find it necessary to set forth in some detail various incidents which occurred during the course of the trial.

### Issue I

*Was the question of subsequent repair of Stanley Road improperly injected into the trial?*

During the voir dire of the jurors by Mr. Beltz, plaintiff's attorney, the following occurred:

"*Mr. Beltz:* And you too, Mr. Braden?
"*Juror Braden:* I have driven the road, but—
"*Mr. Beltz:* Do you know how long ago it was that you drove it?
"*Juror Braden:* Oh, maybe a month or something like that.
"*Mr. Beltz:* Well, the evidence is going to be that it's been repaired since the accident occurred in 1969. Now we're interested in when it was in the condition that we're complaining about it, two or three years ago. Had you driven the road then, either one of you gentlemen?
"*Juror Braden:* Off and on a long time."

Shortly thereafter, defendant's attorney stated that he wished to make a motion in the absence of the jury. His motion was as follows:

"Your Honor, I feel at this time, although I don't feel it was intentional on the part of Mr. Beltz, that the remark that this road has been repaired since this accident is not admissible evidence. The jury has heard that this has been repaired and also resurfaced. Not only this particular jury that we have in the box, but also the panel that's sitting in the courtroom. I think it is improper. And if at any time that he tried to introduce evidence showing that the road had been repaired, it would be objectionable. And, I take the position to show that that type of evidence is not proper.

"And, I think this jury has been prejudiced as a result of hearing that particular remark and I request at this time that this panel as set right now be dismissed and we don't go any further with it. Get another panel up here or in here and proceed from there."

Mr. Beltz, in giving his reasons for going into the matter of subsequent repair of the road, stated:

"And, there's going to be testimony that this road was in an area where there was gravel and sand and it was in rough shape, according to the road commission's own people. In fact, they're going to testify that if they had the funds, they would have repaired it when they did the west side of the expressway.

"And the fact that it was repaired the next spring I think is evidence, one, that it could have been repaired sooner, and, two, that it needed to be repaired sooner. And it shows a feasibility of repair, all of which is admissible.

\* \* \*

"We have this evidence, we think that it is probative, showing, one, the fact that the road commission had the ability to repair it. One of Mr. Delaney's arguments has been at the final pre-trial, and I assume on trial, that they didn't have the money to repair it. His witnesses have testified on deposition that if they'd had the money to repair it, they would have. And I contend that the statute imposes upon them the obligation to do just what it says, which is to keep roads in reasonable repair.

"The fact that very shortly after this accident the road was repaired I think is even evidence of the fact that it needed repair at the time of the accident, and of course the evidence that the road just down a way was repaired and resurfaced before the accident is likewise evidence that it, one, was feasible; two, it should have been done.

"I think it is certainly proper and this jury would have [a] completely distorted view of what occurred if they didn't have this evidence and I intend to introduce it and I think it is admissible."

At the conclusion of Mr. Beltz' statement, the court announced that it would take the motion to declare a mistrial under advisement "until all the proofs are in and tested in the context of the proofs".

During his opening statement for plaintiff, Mr. Beltz said:

"Now there'll be further testimony from the road commission's own people that they repaired this road after the accident and that it was in just as bad a condition as the road that they had repaired before the accident. And our position is that it should have been repaired at the time that the area to the west of the expressway was repaired. If it had been, this accident would not have occurred. The road would have been level and flat.

*"Mr. Delaney:* Objection to that statement, your Honor, as calling for a conclusion on the part of their opening statement.

*"The Court:* Is there any necessity to go into that, Attorney Beltz?

*"Mr. Beltz:* Well, that's all right. I don't intend to say anything more about that, your Honor.

*"The Court:* All right. The objection is sustained and the jury will disregard it."

In Mr. Delaney's opening statement for defendant, he said:

"Now, we'll show that this road was not in such disrepair as the plaintiff's attorney has led you to believe from his opening statement. We will show that the road was resurfaced on a scheduled basis; not that it needed it, but that after a certain number of years these roads are resurfaced. Such as all over the county. All over the city streets. They're resurfaced not because they're in such disrepair that they're unsafe for travel, but they come up on a scheduled basis and they're resurfaced."

From the above statements, it will be seen that the issue as to whether subsequent repair of the road was properly in the case had not been fully resolved as trial began.

Fairly early in the trial, in the absence of the jury, Mr. Delaney continued to pursue the issue of subsequent repair by stating:

*"Mr. Delaney:* Your Honor, may I just say one thing

on another point at this time while the jury is out because it's been brought up again and I'd like to voice my objection, and rather than send the jury out, and particularly every time it might happen in this case, and that goes to the element and the testimony bearing on repair of that road subsequent to this accident."

The court, in ruling on the objection, stated:

"Counsel has represented that the facts produced by him during the course of the trial will justify its admission and it's on that basis that I have reserved my opinion previously."

There was testimony during the course of the trial with regard to subsequent repair of the road.

After the judge had charged the jury, the attorneys were given an opportunity to state their objections to the charge. Mr. Delaney said:

"As to the instructions, I say I requested the court for an instruction on the matters raised by plaintiff's attorney in his opening statement, made reference to it during the trial, and that is that the county road commission repaired this road after the accident. I felt at the time that it was improper and I still feel it is improper, and that at least an instruction to the jury should be given that they should disregard that particular evidence."

Mr. Delaney was joined in the above request by Mr. Beltz, who stated:

"And further that what the Road Commission did following the accident is [of] no significance and should not be considered by them. I would join him in that request."

The judge in declining to grant the request stated:

"I am afraid it's too late to do any good with such an

instruction. The information is before the jury and anything that I might do to try to get it out of their minds would be [an] exercise in futility."

After the judge had instructed the jury to commence its deliberations, but before a verdict was rendered, Mr. Delaney stated that he wished again to renew his motion for a mistrial as to the remarks made. It is not clear from the record whether the motion was directed to the issue of subsequent repair of the road or the remarks made by Mr. Beltz in closing argument. In any event, the court elected to wait until the jury returned with a verdict.

It is a general rule of law that evidence of subsequent repair is inadmissible to show negligence. See *Judis v Borg-Warner Corp,* 339 Mich 313; 63 NW2d 647 (1954); *Thompson v Toledo, A A & N M R Co,* 91 Mich 255; 51 NW 995 (1892); *Lombar v East Tawas,* 86 Mich 14; 48 NW 947 (1891). However, the final pretrial conference order filed approximately two months before the trial stated:

"The liability defense issues are:

*   *   *

"(b) Defendant acknowledges that the statute in question gives rise to a duty to repair the roads under the jurisdiction of the defendant, however, that obligation requires them to keep the roads in reasonable repair commensurate with the funds on hand."

It is plaintiff's claim that the issue of subsequent repair was a proper one which he could introduce into the case anticipatorily to negate any subsequent claim by defendant that it lacked funds to make necessary repairs. However, the case was never defended on the theory that the county road commission lacked sufficient funds to make re-

pairs. At the time the trial judge and counsel discussed proposed jury instructions, the court pointed out that such a defense had been reserved in the pretrial order and, in response to a question from the court, defendant waived any claim that lack of funds was a defense. The trial judge specifically advised the jury that "[t]he law imposes a duty upon the road commission to keep all roads in reasonable repair and that duty is in no way altered by the way in which the road commission spends its allocated funds".

As the preceding discussion indicates, the issue of subsequent repair of the road was injected into the case at the very outset. During the voir dire Mr. Delaney made clear his objection to such testimony, and Mr. Beltz very clearly and unequivocally stated that he had a right to and proposed to introduce such evidence. Had the issue been thoroughly explored and ruled upon by the trial judge at that time, a new panel of jurors could have been called or the proper basis for the introduction of such evidence could have been established.

Lack of funds by the road commission clearly was not a part of plaintiff's case-in-chief but rather was an issue to be developed by defendant. Evidence showing that the road had been subsequently repaired could only properly have been introduced by plaintiff in rebuttal to such a defense. The statements by plaintiff's counsel with regard to subsequent repairs and the premature injection of this issue into the case were error. The trial judge made no effort to correct such error by a proper instruction to the jury, even though requested to do so by attorneys for both parties. We conclude that the lack of a ruling by the trial judge on the issue of subsequent repair at the very

outset of the trial and his failure to charge the jury as to this evidence resulted in error which can only be corrected by a new trial.

The general rule prohibiting evidence of subsequent repair should be adhered to unless there is a clear foundation for an exception to the rule. Such evidence is tantamount to an admission of negligence and is bound to prejudice a defendant who is charged with negligent conduct. Upon retrial, this case should be tried on the facts as they existed before or at the time of the accident, and not on the basis of subsequent repairs which may or may not have been necessary.

### *Issue II*

#### *Was plaintiff's closing argument improper?*

The incident objected to in plaintiff's closing argument can perhaps best be depicted by setting forth a portion of the closing argument immediately before and after the statement which was specifically objected to:

"Now, Mr. Delaney suggests that he has a lot of sympathy for Tam. I don't want you to have any sympathy for Tam. She went through what she went through and you heard about it. I want you to bring her back justice and bring Bobby justice, that's all we want. We don't want sympathy; we don't want a handout; we're not here asking for a favor. We're asking for justice. That's what this system is about.

"Now the road commission has perhaps a different attitude about this lawsuit than I do. I saw Mr. Wachowski when Doctor Wolf was testifying about Tammie's back condition sitting back there smirking and smiling, holding a coat over his face and laughing, talking with Mr. Streichert.

"*Mr. Delaney:* Your Honor, I object to that testimony.

"*The Court:* Yes. The objection is sustained, counsel,

unless that's reflected in the record somewhere. And the jury is instructed to disregard it.

"*Mr. Beltz:* We view this as a very serious matter, and we hope after your judgment and verdict the road commission will view it as a serious matter, because it is. That is their duty. That's why they exist for us, what that statute says. Their job is to keep those roads safe for us. For our kids. For you and me. And if they don't do their job, or at least warn us about not doing their job—forty dollar bill apparently could have done that warning, same amount they used to count the cars that ran over the road—then the law says they're responsible."

The argument by plaintiff's attorney to the jury at the conclusion of the trial was improper since it referred to the purported courtroom behavior of individuals which is not a part of the record in this case and was not a proper matter for consideration by the jury. Standing alone, these remarks of counsel might not warrant the grant of a new trial. See *Firchau v Foster,* 371 Mich 75; 123 NW2d 151 (1963); *Williams v Cleveland, C, C & S L R Co,* 102 Mich 537; 61 NW 52 (1894). However, as we have previously observed, the decision of the trial judge, and our review thereof, pertains to the entire conduct of the trial. A trial judge has wide discretion in granting or denying a new trial. *Grimshaw v Aske,* 332 Mich 146; 50 NW2d 866 (1952); *Broitman v Kohn,* 16 Mich App 400; 168 NW2d 311 (1969). The exercise of such discretion will be upheld by an appellate court unless a clear abuse of discretion is shown. *Benmark v Steffen,* 9 Mich App 416; 157 NW2d 468 (1968). There was no such abuse of discretion in the present case.

The trial court is affirmed. Costs to defendant.

All concurred.