NATIONAL BANK OF DETROIT v DEPARTMENT OF STATE
HIGHWAYS

1. HIGHWAYS—MAINTENANCE—SIGNS—SPECIAL DANGER—STATUTES.

The state is required to keep highways under its jurisdiction in reasonable repair and in condition reasonably safe and fit for travel; this duty extends to the posting of signs, and to warning motorists at points of special danger (MCLA 691.1402).

2. NEGLIGENCE—HIGHWAYS—POSTING OF SIGNS—REASONABLENESS—EVIDENCE.

Evidence failed to show that the state was negligent or a proximate cause of plaintiffs' injuries received in a head-on collision on an interstate highway where the state had complied with an adopted manual for posting signs and had also added two additional signs warning motorists not to enter upon exit ramps near the scene of the accident, and where there was no indication in the proofs that additional intermediate signs would have deterred the vehicle involved from entering the exit ramp of the highway.

Appeal from the Court of Claims, John X. Theiler, J. Submitted Division 2 January 3, 1974, at Lansing. (Docket Nos. 15678, 15679.) Decided February 25, 1974. Leave to appeal denied, 392 Mich —.

Complaint by the National Bank of Detroit, administrator of the estate of William A. Snure, and others (No. 15678), and by Lyle Zilka for himself and as next fried of Yvonne Zilka (No. 15679), against the Department of State Highways for damages resulting from an automobile accident. Judgment for defendant. Plaintiffs appeal. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 39 Am Jur 2d, Highways, Streets, Bridges § 290.

*Foster, Meadows & Ballard,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Myron A. McMillan,* Assistants Attorney General, for defendant.

Before: LESINSKI, C. J. and HOLBROOK and BASHARA, JJ.

PER CURIAM. This is an appeal from the Court of Claims, which found no cause of action. The matter was precipitated by an accident on the I-94 freeway. Mr. William Snure, his wife, and two children were proceeding west on the freeway when they collided head-on with another vehicle travelling in the opposite direction, driven by Mr. William Mader. Mr. Snure, his wife, Mr. Mader, and his passenger were all killed. Extensive injuries were sustained by the remaining survivors who were passengers in Mr. Snure's auto. The testimony at trial revealed that Mr. Mader had apparently entered the exit ramp of I-94, rather than proceeding somewhat further to a parallel service road.

Plaintiffs contend that the accident was not only caused by Mr. Mader's improper operation of his vehicle, but by the negligence of the state. They suggest that the state's liability resulted from the design of the intersection and the improper signing of the exit ramp. They allege that as a result of these acts a dangerous situation was created which caused the wrong way traffic on the interstate highway and the resulting collision. The sole question to be decided in this appeal is whether the trial judge's finding that the state kept the highways involved in "reasonable repair, and in

condition reasonably safe and fit for travel"[1] at the time of the accident was clearly erroneous.

Statutory liability requires that the state keep highways under its jurisdiction "in reasonable repair, and in condition reasonably safe and fit for travel" under the mandates of MCLA 691.1402; MSA 3.996(102). This duty clearly extends to signing, *O'Hare v City of Detroit,* 362 Mich 19; 106 NW2d 538 (1960), *Williams v Department of State Highways,* 44 Mich App 51; 205 NW2d 200 (1972), and to warning motorists at points of special danger, *Mullins v Wayne County,* 16 Mich App 365; 168 NW2d 246 (1969).

The reasonableness of the state's actions should be determined as of the time of the accident. The evidence showed that the state complied with the adopted manual for posting signs and also added two additional signs warning motorists not to enter upon the exit ramps. There is no indication in the proofs that additional intermediate signing would have deterred Mr. Mader from proceeding onto the exit ramp.

We therefore conclude that the evidence fails to show that the state was negligent or a proximate cause of plaintiffs' injuries at the time and place of the accident. *Sivley v State Highway Department,* 32 Mich App 267; 189 NW2d 507 (1971). An appellate court will not substitute its judgment for the trial judge sitting as a finder of fact, unless his decision is clearly erroneous. *Williams v Department of State Highways, supra.*

Affirmed.

---

[1] MCLA 691.1402; MSA 3.996(102).