ELLIS v GRAND TRUNK WESTERN RAILWAY COMPANY

Docket No. 51975. Submitted June 3, 1981, at Grand Rapids.—Decided September 10, 1981. Leave to appeal applied for.

Jack Ellis was fatally injured when the truck he was driving struck a train at a grade crossing. The crossing was marked by crossbucks. After the accident the Department of State Highways and Transportation prepared a report which recommended the installation of automatic warning signals at the crossing and later issued an order requiring the Grand Trunk Western Railway Company to install the signals. Marie Ellis, as administratrix of her husband's estate, brought an action for wrongful death against the railroad and the Kent County Road Commission. At trial, the plaintiff attempted to introduce into evidence the highway department's report and order. The Kent Circuit Court, George R. Cook, J., ruled them to be inadmissible. The road commission moved for and was granted a directed verdict. Plaintiff did not oppose that motion. Judgment was entered on a jury verdict of no cause of action in favor of the railroad, and the plaintiff appeals, alleging that the court erred in excluding the report and order from evidence. *Held:*

1. To the extent the trial court excluded the report and order on the basis of MRE 407, which excludes evidence of subsequent remedial measures as proof of negligence, the exclusion was error. The report and order were not remedial measures but, rather, were a study of present conditions and recommendations based upon an anticipated future need. The rule excluding evidence of subsequent repairs was not applicable and in this case admissibility turns upon whether the evidence was relevant.

2. The statements in the report would be helpful and assist the jury in its determination of whether the crossing was dangerous on the date of the accident. Thus, they are relevant. Further, the author of the report was available to testify and

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 29 Am Jur 2d, Evidence § 275.
[2, 3] 29 Am Jur 2d, Evidence §§ 251, 252.

be cross-examined on the matters contained in the report. The report and order should have been allowed into evidence.

Reversed and remanded.

T. GILLESPIE, J., dissented. He would hold that the trial court properly excluded the report and order because the report raises collateral issues, it is hearsay which would have opened the door to inadmissible testimony regarding subsequent remedial measures, it was prejudicial, and may have led to the introduction of unnecessary extraneous matter. He would affirm.

### OPINION OF THE COURT

1. EVIDENCE — NEGLIGENCE — SUBSEQUENT REMEDIAL MEASURES — RULES OF EVIDENCE.

Evidence relating to remedial measures taken after an occurrence which is the basis for a negligence action is inadmissible as proof of negligence; this rule is inapplicable, however, where (1) evidence of subsequent remedial action is otherwise relevant, (2) admission of the evidence would offend policy considerations favoring encouragement of repairs, and (3) the remedial action is not undertaken at the direction of a party plaintiff so that it does not constitute a self-serving out-of-court declaration by that party (MRE 407).

2. EVIDENCE — RELEVANT EVIDENCE — RULES OF EVIDENCE.

Relevant evidence is that having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence (MRE 401).

3. EVIDENCE — RELEVANT EVIDENCE — ABUSE OF DISCRETION — RULES OF EVIDENCE.

All relevant evidence is admissible except as otherwise provided by constitution or court rules; admissibility rests within the discretion of the trial judge and his determination will not be set aside unless there has been an abuse of discretion (MRE 402).

### DISSENT BY T. GILLESPIE, J.

4. EVIDENCE — NEGLIGENCE — SUBSEQUENT REMEDIAL MEASURES.

*A trial court properly denied admission into evidence of a state highway department report, made after the accident giving rise to the action, recommending installation of automatic signals at a railroad crossing where: (1) the report raised collateral issues; (2) the author of the report could have been brought in*

*to testify; and (3) the report was highly prejudicial to the
defendant.*

*Cholette, Perkins & Buchanan* (by *Bruce M.
Bieneman* and *Robert J. Riley),* for plaintiff.

*Varnum, Riddering, Wierengo & Christenson* (by
*Thomas J. Mulder),* for defendant.

Before: R. B. BURNS, P.J., and ALLEN and T.
GILLESPIE,* JJ.

ALLEN, J. Plaintiff, as administratrix of the es-
tate of her late husband, Jack Ellis, appeals as of
right a May 20, 1980, jury verdict of no cause of
action in a wrongful death action arising out of a
railroad crossing accident on July 13, 1977. The
principal issue raised on appeal is whether the
trial court erred in excluding from evidence (1) a
report of the Department of State Highways and
Transportation recommending that automatic pro-
tective warning devices be installed at the cross-
ing, and (2) an order requiring defendant railroad
company to install flashing signal lights at the
crossing.

On July 13, 1977, Jack Ellis, a long time sand-
gravel truck driver for the L. W. Edison Company,
picked up a load of gravel and drove north on
Spaulding Road in Ada Township, Kent County.
As he turned north, he was required to cross a
railroad track marked by crossbucks. The cross-
bucks consisted of two crossed boards treated to
reflect light. They did not have flashing lights to
warn of approaching trains. Traveling at about 25
to 30 miles per hour, Ellis ran into the fourth
boxcar of defendant's seven-car train (one engine,
five boxcars, and a caboose) which was crossing

* Circuit judge, sitting on the Court of Appeals by assignment.

Spaulding Road. Ellis' truck jackknifed, killing him. July 13th was a hot, clear, dry and sunny day. The accident occurred at approximately 3:05 in the afternoon.

After the accident, the Michigan Department of State Highways and Transportation investigated the railroad crossing to determine if additional warning devices were required. In a report dated August 26, 1977, the department recommended that automatic protective warning devices be installed at the crossing. The State Highway Commission issued an order requiring Grand Trunk and the Kent County Road Commission to place flashing light signals at the crossing. Such signals were installed.

On October 17, 1978, plaintiff commenced this action against Grand Trunk and the Kent County Road Commission. Prior to trial, defendant railroad moved to have any reference to the subsequent installation of the flashing signals excluded from the trial. The trial court granted the railroad's motion. At trial, plaintiff's attorney attempted to introduce the report and order but the trial court ruled them inadmissible. However, it did allow plaintiff to introduce the traffic volume count contained in pages 1 and 2 of the report. After plaintiff had finished her proofs, the Kent County Road Commission moved for a directed verdict as to it, which plaintiff did not oppose. After Grand Trunk's proofs were entered, the jury returned a verdict in Grand Trunk's favor. Plaintiff appeals, claiming the trial court erred when it excluded the report and order.

The report in question consists of a routine letter of transmittal plus five pages. Pages 1 and 2 contain statistical data pertaining to vehicular and train traffic volume. Pages 3 and 4 set forth the

observations and recommendations of D. W. West-
phal, the safety inspector who conducted the inves-
tigation and signed the report. Page 5 is a check-
list of action required. For purposes of this case,
the relevant portions of the report appear at pages
3 and 4 as follows:

"*This investigation was scheduled by this Department
as a result of a fatal accident occurring at the crossing
on July 13, 1977. No responsibility or liability as a
result of the accident is intended nor implied.* The
investigation was to consider the safety conditions at
the subject crossing. Spaulding Avenue was improved
during the 1971 construction season. At the same time
the crossing was rebuilt, modern crossbuck signs were
installed and the southeast and northwest quadrants
were cut back to eliminate part of the embankment in
these two quadrants. The quadrant work has increased
road to rail vision to some extent, *however, seasonal
vegetation growth in the quadrants continues to be a
problem and is restricting road to rail vision.*

"A highway construction project immediately north
of the crossing has resulted in the diverting of a high
volume of heavy trucks to Spaulding Avenue and over
the crossing to a gravel pit south of the crossing. The
truck traffic has increased the normal traffic count to
some great extent, however, it is indicated that the area
on both sides of the road is zoned residential and a
residential complex is scheduled for the area at the
intersection of Spaulding Avenue and Ada Drive south
of the crossing. It appears that with the completion of
the rebuilding of Fulton Street M-21 north of the cross-
ing and expected growth of the residential area vehicu-
lar traffic will continue to increase.

"It is this Inspector's opinion that because of the
volume of vehicular traffic on Spaulding Avenue and
*the expected increase of vehicular traffic in the near
future* together with the number of rail movements
both operating at maximum allowable speed limits an
upgrading of the crossing protection from static signing
to automatic protective devices is warranted.

"Therefore, side-of-street flashing-light signals and

gongs are required to increase the safety conditions at the subject crossing." (Emphasis supplied.)

Defendant argues that plaintiff did not offer the entire report in evidence,[1] but even if properly offered in evidence, the report constituted inadmissible hearsay and hence was properly excluded. In support of its position, defendant contends that if the report were to be allowed in evidence, defendant would be denied the opportunity to subject the maker of the report to cross-examination. We disagree.

Several days prior to trial, a hearing was held on defendant's motion to exclude the report of August 26, 1977, and the order of October 19, 1977. Following the hearing, the trial judge granted defendant's motion for the reason that admission of the documents would be in contravention of MRE 407, which proscribes admission of evidence of remedial measures as proof of negligence. At trial, plaintiff's counsel renewed the motion and stated that if the court should conclude that the report and order did not violate "the remedial measure prohibition", counsel was fully prepared to subpoena Inspector Westphal, the author of the report. Again, the trial court denied the motion to introduce the reports, but on this occasion did not give the reason why the motion was denied. Had the trial court ruled in plaintiff's favor on the motion at trial, the person making the statements at pages 3 and 4 of the report would have been present in court, could have been cross-examined by defendant, and hearsay would not have been an issue.

The report and order should not have been

---

[1] While defendant argues that plaintiff failed to properly introduce the whole report, the transcript discloses that at trial the entire report was offered in evidence.

excluded on grounds that they constituted a violation of MRE 407.[2] Neither document was a subsequent remedy but instead was only a study and order by the Department of State Highways and Transportation. The report and order only stated that current and anticipated traffic volume at the railroad crossing in question warranted the installation of automatic warning devices. Therefore, to the extent that the trial court excluded the documents on the grounds they constituted evidence of remedial measures, the trial court erred. Nevertheless, it remains to be seen whether the proposed exhibits were excludable on grounds that they were not relevant.[3]

In *Denolf v Frank L Jursik Co*, 395 Mich 661, 669-670; 238 NW2d 1 (1976), the Supreme Court stated an exception to the rule that subsequent repairs could not be introduced in evidence as proof of negligence.

"We therefore hold that the exclusionary rule under discussion was inapplicable, and that the circuit court did not err in allowing the jury to view the photographs and vehicle. We emphasize, for the purpose of this holding, that it is confined to the context where (1) evidence of subsequent remedial action is otherwise relevant, (2) admission of the evidence would not offend policy considerations favoring encouragement of re-

---

[2] "When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment."

[3] If a trial judge sustains a specific objection for the wrong reason, the ruling may still be upheld if there was an unstated tenable ground, unless it appears that the proponent of the evidence could have obviated the grounds for the true objection, if stated. *Moncrief v Detroit*, 398 Mich 181, 191, fn 4; 247 NW2d 783 (1976), McCormick, Evidence (2d ed), § 52, pp 117-118.

pairs, and (3) the remedial action is not undertaken at the direction of a party plaintiff so that it does not constitute a self-serving, out-of-court declaration by that party."

In the instant case the report was not instigated or conducted by plaintiff and we find no reason why the report's admission into evidence would discourage making repairs. Therefore, the determinative issue is whether the proposed remedial action was relevant.

The test of relevancy is found in MRE 401 which defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. MRE 402 states that all relevant evidence is admissible, except as otherwise provided by the state or federal constitution or rules adopted by the Supreme Court. Admissibility rests within the trial judge's discretion and his determination will not be set aside unless there has been an abuse of discretion. *Aetna Life Ins Co v Brooks,* 96 Mich App 310, 314; 292 NW2d 532 (1980).

The critical fact in the instant case is whether the railroad crossing in question was dangerous. The report contains factual statements, both pro and con, bearing on that issue. For example, the report notes that vegetation growth was a problem and restricted road to rail vision and that an ongoing construction project in the area had increased the traffic "to some great extent". These facts, plus the decision to install flashing signals immediately rather than at some time in the future, suggest that the crossing was dangerous. On the other hand, the report also states that a residential complex was scheduled to be con-

structed which would increase traffic in the "near future". These facts suggest that the crossing was not dangerous on the date of the accident but would soon become dangerous and hence installation of flashing signals should not be delayed. Clearly, these statements, both pro and con, would be helpful and materially assist the jury in determining whether the crossing was dangerous. Thus, they are "relevant". Furthermore, Inspector Westphal would have taken the stand and testified, providing the jury with the advantage of cross-examination, so any possible prejudice regarding anticipated dangers could have been minimized.

Factually similar to the instant case is *Louisville & Nashville R Co v Williams,* 370 F2d 839 (CA 5, 1966). Plaintiff's wife and daughter were killed when plaintiff drove his car across a railroad crossing marked only by a crossbuck sign. Over objection, the trial court allowed testimony from a State Highway Department engineer that subsequent to the accident, the Highway Department installed automatic signals. The jury found for plaintiff and the railroad appealed claiming the engineer's testimony should not have been admitted. The Fifth Circuit affirmed the trial court, saying:

"The State Highway Department which made the repairs or improvements was not a party to the suit, and the policy ground for excluding such evidence was not applicable. As has been seen, the jury was informed, both at the time of admission of such evidence and in the court's final charge, that the evidence was to be considered solely as circumstantial evidence of whether the crossing was a dangerous or hazardous crossing." *Id.,* 844.

For the foregoing reasons, we conclude that the

trial court in this case erred in excluding the report and order.

Our determination should not be interpreted as deciding that the crossing was dangerous, or, if dangerous, that the defendant railroad is necessarily liable. These are decisions that must be made by the jury. Even if the crossing had been illuminated by flashing lights, the jury might find that the accident would have occurred. After all, the accident did take place in mid-afternoon on a bright sunlit day when decedent drove his truck into the fourth car of a seven-car train. All we decide is that in reaching its determinations, the jury should have advantage of all of the relevant facts.

Reversed and remanded for trial. Costs to plaintiff.

R. B. BURNS, P.J., concurred.

T. GILLESPIE, J. *(dissenting).* For several reasons I must dissent in this decision.

The issue in this lawsuit is:

*Based on the facts as they existed before or at the time of the accident, was the defendant negligent?*

The accident occurred on July 13, 1977. On August 26, 1977, the Michigan Department of State Highways and Transportation issued a report recommending that automatic signals be installed at this crossing. This was done.

Before trial the circuit judge granted a motion *in limine* against reference to the subsequent repairs. When the report was sought by the plaintiff to be introduced in evidence, it was denied by the court. From a verdict of no cause of action against the plaintiff, there is an appeal.

The trial court made the correct decision in excluding the report for the following reasons:

1. The report raises collateral issues to be tried, among which are:

a. Is the report of the Highway Department sound and practical?

b. If the report was sound, would it have prevented the accident, in light of the evidence that the decedent ran into the fourth boxcar of a seven-car train?

These are irrelevant to the principle issue.

2. The report is hearsay. It is an out-of-court opinion going to the ultimate decision to be made by the jury. The plaintiff, without attempting to introduce the report, had the right to bring in the author of the report to give his observations and, had he been qualified as an expert and been cross-examined on his expertise, he could have rendered an opinion on the ultimate issue. MRE 703. Further, it automatically opens the door to testimony regarding subsequent remedial measures which is inadmissible under MRE 407.

3. The report is highly prejudicial. A jury could well conclude that if the Highway Department felt that more warning devices were necessary that *a priori* the defendant was negligent. The exercise of discretion of the trial judge should not be overturned unless clearly erroneous. *Grawey v Genesee County Road Comm'rs,* 48 Mich App 742, 752; 211 NW2d 68 (1973). A limiting instruction could not overcome this prejudice.

4. The allowance of opinions "that there is a better way" opens the door to all kinds of extraneous evidence and collateral matter unnecessarily burdening the system. As Bramwell in *Hart v Lancashire & Y R Co,* 21 LTR(ns) 261, 263

said in denying introduction of this kind of evidence, it is based on a theory of "because the world gets wiser as it gets older, therefore it was foolish before".

5. *Louisville & N R Co v Williams,* 370 (CA 5, 1966), cited by the majority, is indeed similar factually except that in that case, after setting forth many reasons why the judge should not have admitted the report, the court affirmed his decision to do so because they hesitated to overturn his discretion. Also, in that case the author of the report testified and was subject to cross-examination.

I would affirm the trial judge.