DETTLOFF v CITY OF ROYAL OAK

Docket No. 105791. Submitted February 3, 1989, at Detroit. Decided March 28, 1989.

Elizabeth A. Dettloff brought an action in Oakland Circuit Court seeking damages from the City of Royal Oak for injuries she allegedly sustained when she slipped and fell in an alley maintained by the city. The trial court, John N. O'Brien, J., granted summary disposition in favor of defendant, ruling that the action was barred by governmental immunity. Plaintiff appealed.

The Court of Appeals *held:*

The highway exception to governmental immunity, under which exception a governmental agency can be held liable for bodily injury or property damage arising from the agency's failure to maintain a highway in reasonable repair so as to be reasonably safe and convenient for public travel, does not encompass alleys.

Affirmed.

GOVERNMENTAL IMMUNITY — HIGHWAYS — ALLEYS.

The highway exception to governmental immunity, under which exception a governmental agency can be held liable for bodily injury or property damage arising from the agency's failure to maintain a highway in reasonable repair so as to be reasonably safe and convenient for public travel, does not encompass alleys (MCL 691.1401[e], 691.1402; MSA 3.996[101][e], 3.996[102]).

*Litch, Gordon & Czechowski, P.C.* (by *Walter J. Czechowski*), for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *T. Joseph Seward* and *Marcia L. Howe*), for defendant.

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges § 391.

Who is "pedestrian" entitled to rights and subject to duties provided by regulations or judicially stated. 35 ALR4th 1117.

Before: Danhof, C.J., and Beasley and Mac-Kenzie, JJ.

Per Curiam. In this slip and fall case, plaintiff, Elizabeth A. Dettloff, appeals from an order granting summary disposition in favor of defendant, City of Royal Oak.

In her complaint, plaintiff alleges that on February 6, 1987, she "was walking to her automobile which was parked in a parking lot across from Fitness USA Health Spa," located at 2222 Woodward Avenue, Royal Oak, and "was in the process of crossing an alley" to reach the parking lot which was under the ownership and control of defendant city. She said she stepped in a hole in the alley and slipped and fell, injuring herself.

Defendant moved for summary disposition under MCR 2.116 (C)(7), on the basis of governmental immunity, and under MCR 2.116(C)(8), on the basis that plaintiff had failed to state a claim. The trial court granted defendant's motion, saying:

> *The Court:* Okay. I suppose if anyone were going to have to ask this reviewed by an appellate court, it would be easier to have the City do it than the plaintiff, but I have to call it the way I see it under what is still a little bit vague, I think, with regard to this treatment of the highway exclusion.
>
> I think that under the circumstances if it were—if plaintiff were able to demonstrate that this was an alley, that's not an alley, that's truly a thoroughfare, something greater than an alley, that under the facts pleaded here, and the circumstances in this case the plaintiff crossing from the one parking lot to the other across this way would then be limited under the exclusion as one was a crosswalk, a pedestrian using a crosswalk, getting from the one parking lot to the other. So he'd be excluded by that, he or she.
>
> So, accordingly, I'm going to grant the defendant's motion.

When a defendant moves for summary disposition on the basis of governmental immunity, we look to whether the plaintiff has pled facts in the complaint which would justify a finding that recovery in a tort cause of action is not barred by the governmental immunity act.[1]

Here, plaintiff argued that defendant was liable under the exception to immunity contained in MCL 691.1402; MSA 3.996 (102), which provides:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency. The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, chapter 4 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of 1948. The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel.

Although not pleading in her complaint facts in avoidance of governmental immunity, plaintiff argued on appeal that through custom and use the particular area or "alley" in question had become,

---

[1] *Hyde v University of Michigan Bd of Regents,* 426 Mich 223, 261; 393 NW2d 847 (1986); *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 621, n 34; 363 NW2d 641 (1984).

in fact, a road or thoroughfare under the control and supervision of defendant.

Defendant pointed out that under the highway exception to governmental immunity, the term "highway" does not include alleys:

> "Highway" means every public highway, road and street which is open for public travel and shall include bridges, sidewalks, crosswalks and culverts on any highway. *The term "highway" shall not be deemed to include alleys.* [Emphasis added.][2]

Defendant maintains that the evidence is uncontroverted in this case that plaintiff slipped and fell in an "alley" as evidenced by plaintiff's own designation in her complaint and as conceded by plaintiff in her brief on appeal.[3]

Plaintiff relies heavily on *Stamatakis v The Kroger Co,*[4] where a panel of this Court said:

> We hold only that defendant's proof that the place had been dedicated as an alley was not dispositive.

The within case differs from *Stamatakis* in that here plaintiff admits the area in question is in the alley, while in *Stamatakis* the defendant attempted to prove an "alley" by an affidavit concerning a review of the Wayne County Bureau of Taxation base map.

Where, as here, plaintiff does not plead facts in avoidance of governmental immunity and only, as

2 MCL 691.1401(e); MSA 3.996(101)(e).

3 See *Roy v Dep't of Transportation,* 428 Mich 330; 408 NW2d 783 (1987).

4 121 Mich App 281, 285; 328 NW2d 554 (1982), lv den 417 Mich 1014 (1983).

an afterthought, claims facts that might raise a question, we are inclined to accept the claims in plaintiff's original complaint, which entitle defendant to summary disposition.

Affirmed.