CRAWFORD v TOYOTA MOTOR SALES, LTD

Docket No. 68782. Submitted January 3, 1984, at Detroit.—Decided March 12, 1984.

Anne P. Crawford was injured in an automobile accident when she lost control of the car she was driving. The car jumped a six-inch curb and, after traveling approximately 200 feet in a diagonal line across the wet, grassy median, struck a utility pole of The Detroit Edison Company. The median at that point is 30 feet wide, and in the middle, 15 feet from the roadway, are a string of defendant's poles supporting transmission lines carrying a potential voltage of 100,000 volts. The poles are 2 feet square and constructed of steel. The poles are not protected by any energy absorbing devices. Crawford and her daughter brought an action in the Wayne Circuit Court against Toyota Motor Sales, Ltd., The Detroit Edison Company and others. The court, John D. O'Hair, J., granted summary judgment for The Detroit Edison Company. Plaintiffs appealed. *Held:*

A utility company will not be found negligent for the erection or maintenance of a utility pole struck by a vehicle unless the pole is on the traveled portion of a highway or in such close proximity thereto as to constitute an obstruction dangerous to anyone properly using the highway.

Affirmed.

Public Utilities — Negligence — Utility Poles.

A utility company will not be found negligent for the erection or maintenance of a utility pole struck by a vehicle unless the pole is on the traveled portion of a highway or in such close proximity thereto as to constitute an obstruction dangerous to anyone properly using the highway.

*Zeff & Zeff* (by *Fred A. Custer),* for plaintiffs.

*Michael D. Gladstone,* for The Detroit Edison Company.

References for Points in Headnote

58 Am Jur 2d, Negligence § 10 *et seq.*

Applicability of rule of strict liability to injury from electrical current escaping from power line. 82 ALR3d 218.

Before: J. H. GILLIS, P.J., and T. M. BURNS and R. E. ROBINSON,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order granting summary judgment in favor of defendant-appellee The Detroit Edison Company.

On July 9, 1977, at approximately 1 a.m., Anne P. Crawford, hereinafter plaintiff, was operating an automobile westbound on Eight Mile Road in Royal Oak Township when she lost control of the vehicle. The car jumped a six-inch curb and, after traveling approximately 200 feet in a diagonal line across the wet, grassy median, struck defendant's utility pole. The median at that point is 30 feet wide, and in the the middle, 15 feet from the roadway, are a string of defendant's poles supporting transmission lines carrying a potential voltage of 100,000 volts. The poles are 2 feet square and constructed of steel. The poles are not protected by any energy absorbing devices. Plaintiff sustained severe injuries when her car struck the rigid utility pole traveling at approximately 40 miles per hour.

Plaintiff sued defendant Detroit Edison in Wayne County Circuit Court, alleging that defendant owed her a duty to use reasonable care in the design of the utility pole, to use reasonable care in the placement of the utility pole, and to provide the pole with sufficient shock absorbing barriers so as to minimize the risk of injury incident to the foreseeable contact with the pole. Plaintiff further alleged that defendant Detroit Edison breached each of these three duties, which proximately caused her injuries. Plaintiff added an additional count to her complaint alleging gross negligence as

* Former circuit judge, sitting on the Court of Appeals by assignment.

a result of defendant Detroit Edison's actions in this regard.

The trial court granted a motion for summary judgment, concluding that defendant Detroit Edison owed no duty to a motorist who leaves the traveled portion of the highway and that, therefore, defendant Detroit Edison was not negligent and could not be held liable for any injuries resulting from a collision with defendant Detroit Edison's utility poles.

On appeal, plaintiffs argue that the negligent placement and design of utility poles should be actionable by a motorist since it is foreseeable that an automobile may leave the highway and strike a pole.

We disagree. We find the instant case controlled by *Dawson v Postal Telegraph-Cable Co,* 265 Mich 139; 251 NW 352 (1933), and *Cramer v Detroit Edison Co,* 296 Mich 662; 296 NW 831 (1941). Recently, this Court, in a case similar to the instant one, distilled from these two cases the following rule: "actionable negligence will not be found in a utility company for erection or maintenance of a pole unless it is on the traveled portion of the highway or in such close proximity thereto as to constitute an obstruction dangerous to anyone properly using the highway". *McMillan v Michigan State Highway Comm,* 130 Mich App 630, 635; 344 NW2d 26 (1983). In *McMillan,* the lighting pole was "located on a grassy median strip, not itself a traveled portion of the roadway, approximately three feet from the paved surface of the road". Under those facts, the Court found that "defendant breached no duty to plaintiffs in failing to design the pole in anticipation of the possibility that an automobile, leaving the roadway out of control, would collide with it". *McMillan, supra,* p 635.

In the instant case, the pole was located in the center of a grassy, 30-foot median, 15 feet from the curb along the edge of the traveled portion of the highway. Under these circumstances, the trial court correctly concluded that, as a matter of law, defendant Edison breached no duty to plaintiffs.

Affirmed.