SOULE v MACOMB COUNTY BOARD OF ROAD COMMISSIONERS

Docket No. 130309. Submitted May 21, 1992, at Detroit. Decided October 5, 1992, at 9:20 A.M. Leave to appeal denied, 442 Mich —.

Mark R. Soule brought an action for damages in the Macomb Circuit Court against the Macomb County Board of Road Commissioners, claiming negligence in the defendant's failure to construct and maintain a shoulder for and post speed-limit signs on a portion of a county road that ran next to a steeply banked ditch. The plaintiff was injured on that portion of the road when, while standing between his stalled automobile and that of a motorist who had stopped to help him, another motorist collided with his automobile, pinning him between the two. The plaintiff alleged that he was unable to move his automobile completely off the road because of the absence of a shoulder and the presence of the ditch. The court, George R. Deneweth, J., granted summary disposition for the defendant on the ground of governmental immunity. The plaintiff appealed.

The Court of Appeals held:

1. The liability of the state and county road commissions created by the highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102), extends only to the improved portion of the highway designed for vehicular travel. Although the shoulder of a highway is part of the portion designed for vehicular travel, the statute nevertheless does not impose an obligation for the construction of a shoulder. Thus, the defendant is entitled to governmental immunity with respect to the claim that it had failed to construct a shoulder.

2. In granting summary disposition, the trial court did not address the claim that, by failing to post speed-limit signs, the defendant breached its duty to maintain reasonably safe roadways. The court must address the claim on remand.

Affirmed in part and remanded.

REFERENCES

Am Jur 2d, Highways, Streets and Bridges §§ 340, 342-345.

Liability, in motor vehicle-related cases, of governmental entity for injury, death, or property damage resulting from defect or obstruction in shoulder of street or highway. 19 ALR4th 532.

MacKenzie, J., dissenting in part, stated that the trial court's ruling should be affirmed without remand in light of the Supreme Court decision in *Schuerman v Dep't of Transportation,* 434 Mich 619 (1990), that liability under the highway exception extends only to the improved portion of the highway designed for vehicular travel.

Governmental Immunity — Exceptions — Highways.

The exception to governmental immunity for failure by the state or a county to maintain a highway in reasonable repair does not impose a duty to construct a shoulder for every roadway within their jurisdictions (MCL 691.1402; MSA 3.996[102]).

*Roger M. Gottfried,* for the plaintiff.

*Peterson, Hay & Comsa, P.C.* (by *James M. Novara*), for the defendant.

Before: Michael J. Kelly, P.J., and MacKenzie and Brennan, JJ.

Michael J. Kelly, P.J. Plaintiff appeals as of right from the trial court's June 5, 1990, order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10).

This case arises out of an accident that occurred on April 30, 1988, at 1:00 A.M., on Armada Center Road in Macomb County after the plaintiff's vehicle stalled and he moved it partially off the road surface and to the right side of the road. Plaintiff was unable to move his vehicle entirely off the road because that portion of Armada Center Road lacks a shoulder and runs next to a deep ditch. Another motorist stopped to offer assistance, pulling directly in front of plaintiff's car. Plaintiff was standing between the two vehicles when his car was struck from behind by a third vehicle, causing him serious injuries.

Plaintiff argues on appeal that the trial court erred in granting summary disposition for defendant. Specifically, plaintiff argues that defendant's

failure to construct a shoulder along this particular stretch of Armada Center Road and its maintenance of excessively steep banks for the ditch next to the road breached its statutory duty to maintain reasonably safe roadways. Plaintiff also claims that defendant breached its duty to maintain reasonably safe roadways in failing to post speed-limit signs along that stretch of Armada Center Road where plaintiff was injured.

This case involves the highway exception to governmental immunity. MCL 691.1402; MSA 3.996(102). The relevant portion of § 2 provides:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. . . . The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel.

The highway exception waives the absolute immunity of governmental units with regard to defective highways under their jurisdiction. *Scheurman v Dep't of Transportation,* 434 Mich 619, 630; 456 NW2d 66 (1990). Clearly, the shoulder of the roadway is part of the improved portion of the highway designed for vehicular travel. *Gregg v State Hwy Dep't,* 435 Mich 307; 458 NW2d 619 (1990). However, the portion of Aramada Center Road where the accident occurred did not have a shoulder. Plaintiff has not presented, and we have not found any authority mandating that a county road commission *construct* shoulders along its roadways. In fact, plaintiff concedes that "there is no duty to

provide a shoulder on absolutely every mile of public highway." We do not believe that the failure to construct shoulders along this particular stretch of Armada Center Road was a breach of defendant's statutory duty to maintain reasonably safe roadways under MCL 691.1402; MSA 3.996(102). The statute must be narrowly construed, and we cannot conclude that it imposes a duty upon governmental agencies such as defendant to construct shoulders along a roadway.

Plaintiff also claims that the bank for the ditch parallel to Armada Center Road was excessively steep and prevented him from moving his vehicle entirely off the road surface. However, we have previously held that county road commissions cannot be held liable under § 2 for injuries caused by roadside ditches. *Hutchinson v Allegan Co Bd of Rd Comm'rs (On Remand),* 192 Mich App 472; 481 NW2d 807 (1992).

Lastly, plaintiff claims that defendant breached its duty to maintain reasonably safe roadways by failing to post speed-limit signs along the stretch of Aramada Center Road where the accident occurred. The trial court did not address this issue when granting defendant's motion for summary disposition. Therefore, we remand this matter to the trial court for a determination whether defendant breached its duty to maintain reasonably safe roadways by allegedly failing to post speed-limit signs along the relevant portion of Armada Center Road. The trial court should consider *Salvati v Dep't of State Hwys,* 415 Mich 708; 405 NW2d 856 (1982), *Tuttle v Dep't of State Hwys,* 397 Mich 44; 243 NW2d 244 (1976), and *Scheurman v Dep't of Transportation, supra,* in making that determination.

Affirmed in part and remanded to the circuit court for proceedings consistent with this opinion.

BRENNAN, J., concurred.

MACKENZIE, J. *(dissenting in part.)* I concur with the majority in every respect except I would affirm the decision of the trial court in its entirety. I would not remand to the trial court for a determination whether defendant breached its "duty to post speed-limit signs along the relevant portions of Armada Center Road." The Michigan Supreme Court, in its most recent consideration of the issue, narrowly interpreted MCL 691.1402; MSA 3.996(102) to extend liability to the state and county road commissions only for "the improved portion of the highway designed for vehicular travel." *Scheurman v Dep't of Transportation,* 434 Mich 619, 635-636; 456 NW2d 66 (1990).