COLUCCELLI v WAYNE COUNTY

Docket No. 132819. Submitted April 23, 1992, at Detroit. Decided October 19, 1992, at 10:05 A.M. Leave to appeal sought.

Nicholas C. Coluccelli, as personal representative of the estate of Nicholas M. Coluccelli, deceased, and Olga Coluccelli brought a negligence action in the Wayne Circuit Court against Wayne County and others, alleging that the county failed to maintain in reasonable repair a grass median dividing a highway under its jurisdiction, resulting in the death of the decedent and the injury of Mrs. Coluccelli in an automobile accident. The decedent had been driving on the highway when he steered his vehicle into the median in order to avoid colliding with another vehicle. The decedent's vehicle struck a guardrail and a utility pole in the center of the median. The court, Richard P. Hathaway, J., granted summary disposition for the county, ruling that the action was barred by governmental immunity.

The Court of Appeals *held:*

The highway exception to governmental immunity extends only to the improved portion of the highway designed for vehicular travel; a grass median of a highway is not part of the improved portion designed for vehicular travel.

Affirmed.

GOVERNMENTAL IMMUNITY — HIGHWAYS — GRASS MEDIANS.

The state or the counties may be liable for failure to maintain in reasonable repair the improved portions of highways designed for vehicular travel; a grass median dividing a highway is not part of the improved portion designed for vehicular travel (MCL 691.1402; MSA 3.996[102]).

*Lakin, Worsham & Victor, P.C.* (by *Sanford N. Lakin* and *Larry A. Smith*), for the plaintiffs.

*Saul A. Green,* Corporation Counsel, and *Ellen*

REFERENCES
Am Jur 2d, Highways, Streets, and Bridges §§ 103-105, 341.
See the ALR Index under Governmental Immunity or Privilege.

*E. Mason,* Assistant Corporation Counsel, for the defendants.

Before: JANSEN, P.J., and MICHAEL J. KELLY and GRIFFIN, JJ.

MICHAEL J. KELLY, J. This appeal is from a September 7, 1990, grant of summary disposition in favor of defendant Wayne County. This Court ordered the matter held in abeyance pending the Supreme Court decision in *Li v Feldt (After Second Remand),* 439 Mich 457; 487 NW2d 127 (1992).[1] The issue to be decided is whether the median area of a divided highway is part of the roadway, required to be maintained in a reasonably safe condition, and for which the governmental agency is not entitled to immunity.[2]

On May 21, 1988, Nicholas M. Coluccelli and his wife, Olga Coluccelli, were driving south on Greenfield Road in the City of Dearborn, approaching the intersection of Ford Road. This stretch of Greenfield Road is a six-lane divided highway. The three northbound and the three southbound lanes are divided by a twenty-one-foot-wide grass median. As their vehicle approached the intersection, an unidentified passenger car traveling west on Ford Road failed to stop for a red light. Mr. Coluccelli, the driver, avoided the other car by swerving onto the median. The Coluccelli vehicle struck a guardrail and utility pole located near the center of the median. Mrs. Coluccelli was severely injured, and Mr. Coluccelli was killed. The personal representative of Mr. Coluccelli's estate and Mrs. Coluccelli thereafter filed this action against Wayne County and others, and the county was

---

[1] That opinion is not helpful in the disposition of this case.

[2] In *Roy v Transportation Dep't,* 428 Mich 330; 408 NW2d 783 (1987), the Supreme Court set forth the highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102).

granted summary disposition on the basis of governmental immunity pursuant to MCR 2.116(C)(7) on September 7, 1990. This appeal followed.

Defendant-appellee Wayne County urges that a grass median dividing a paved highway is not part of the improved portion of the highway designed for vehicular travel. Of course it is not designed for transport in the sense of traveling from one place to another via the grassy surface except in a very narrow sense. It is for transport in a sense, however, because it is designed to hold the errant vehicle to a reduced velocity, and to permit safe stoppage therein without interference with other vehicular traffic on the abutting paved, improved surfaces.

Plaintiffs-appellants ask us to follow *Detroit Bank & Trust Co v State Hwy Dep't,* 55 Mich App 131; 222 NW2d 59 (1974), and *Hall v State Hwy Dep't,* 109 Mich App 592; 311 NW2d 813 (1981). Defendant county asks us to follow *Gregg v State Hwy Dep't,* 435 Mich 307; 458 NW2d 619 (1990). Of course we have no choice. We must follow *Gregg.*[3] While we could conclude that *Detroit Bank & Trust Co* and *Hall* were wrongly decided, we are not required to do so. In fact, we would prefer to say that *Gregg* was wrongly decided. Either way, we express hope that the *Gregg* decision will be revisited by the Supreme Court, or better still, the Legislature, so that government authorities in charge of highways may be held accountable for defective design and deficient maintenance of those portions of the right of way from boundary to boundary, which are designed for the movement, deceleration, and retention of motor vehi-

---

[3] We note that other panels of this Court have agreed that a grassy median is not itself a traveled portion of the roadway. *McMillan v State Hwy Comm,* 130 Mich App 630, 635; 344 NW2d 26 (1983), modified 426 Mich 46; 393 NW2d 332 (1986); *Crawford v Toyota Sales Ltd,* 143 Mich App 232, 234; 372 NW2d 324 (1984).

cles, including foreseeable crashes and accidents. It is roundly debatable that a governmental agency should be immune from tort liability when it uses a poniard-ended guardrail in a median with foreseeable consequences, yet be responsible for damage caused by chuckholes in the traveled portion. But that is the state of the law we are required to apply since *Scheurman v Transportation Dep't,* 434 Mich 619; 456 NW2d 66 (1990), and *Gregg, supra.*

Affirmed.

JANSEN, P.J., and GRIFFIN, J., concurred in the result only.