FOGARTY v DEPARTMENT OF TRANSPORTATION

Docket No. 136476. Submitted April 14, 1993, at Detroit. Decided July 7, 1993, at 9:15 A.M. Leave to appeal sought.

Sharon Fogarty, as personal representative of the estate of Edgar Q. Venney, deceased, brought an action in the Court of Claims against the Department of Transportation, alleging liability for the decedent's death in a vehicle accident under the highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102). The defendant moved for summary disposition, alleging that the grassy highway median at issue in this case, which divided the highway's northbound and southbound lanes, is not part of the improved, traveled portion of the roadbed designed for vehicular travel to which the highway exception applies. The court, Hilda R. Gage, J., denied the motion. The defendant appealed by leave granted.

The Court of Appeals *held:*

1. The median is not part of the improved portion of the highway designed for vehicular travel. Therefore, governmental immunity applies in this case and the defendant may not be held liable for the decedent's injuries. The action must be remanded to the Court of Claims for entry of an order granting summary disposition for the defendant.

2. *Coluccelli v Wayne Co,* 196 Mich App 387 (1992), is not binding precedent in this case because a majority of the judges in that case concurred in the result only and did not concur in the author's discussion of the governmental immunity issue.

Reversed and remanded.

1. GOVERNMENTAL IMMUNITY — HIGHWAYS — GRASS MEDIANS.

A grass median dividing a highway is not part of the improved portion of the highway designed for vehicular travel to which the highway exception to governmental immunity applies; the exception applies only to the improved, traveled portion of the

REFERENCES

Am Jur 2d, Courts § 195; Highways, Streets, and Bridges §§ 1, 51, 341.

Governmental tort liability as to highway median barriers. 58 ALR4th 559.

roadbed of the highway that was designed for vehicular travel (MCL 691.1402[1]; MSA 3.996[102][1]).

2. COURTS — STARE DECISIS — COURT OF APPEALS DECISIONS.

No point of law is established by a decision of the Court of Appeals where a majority of the judges deciding the case concur in the result only and do not concur with regard to the underlying reasoning for the decision; there is no rule of law established by the decision for purposes of Administrative Order No. 1990-6, regarding the resolution of conflicting decisions of the Court of Appeals.

*Frank & Stefani* (by *Ronn S. Nadis* and *David L. Haron*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *John M. Cahill,* Assistant Attorney General, for the Department of Transportation.

Before: WAHLS, P.J., and MACKENZIE and TAYLOR, JJ.

PER CURIAM. Plaintiff's decedent was killed in a car accident and plaintiff sued the Department of Transportation (DOT), alleging liability under the highway exception to the doctrine of governmental immunity, MCL 691.1402; MSA 3.996(102).[1] The DOT unsuccessfully moved for summary disposition, and we granted its application for interlocutory appeal.

The sole issue here is whether the highway exception applies to a highway median, i.e., whether a median is part of the improved portion of the highway designed for vehicular travel. We hold that it is not.

The legislative intent of the statute was to impose a duty on the state to keep the traveled roadbed in reasonable repair. *Scheurman v Dep't*

[1] Plaintiff also sued other parties, but those defendants are not involved in this appeal.

*of Transportation,* 434 Mich 619, 631; 456 NW2d 66 (1990). However, the duty is narrowly drawn, and extends only to the improved, traveled portion of the roadbed of the highway that was designed for vehicular travel; it does not include sidewalks, crosswalks, or any other installation outside the improved portion of the highway designed for vehicular travel. MCL 691.1402(1); MSA 3.996(102) (1); *Scheurman, supra,* 630-631; *Chaney v Dep't of Transportation,* 198 Mich App 728, 729; 499 NW2d 29 (1993).

The grassy median at issue in this case, which separates the northbound and southbound lanes of I-75, is not part of the portion of the roadbed designed for vehicular travel. Accordingly, governmental immunity applies, and the DOT should not be held liable for the decedent's injuries. *Coluccelli v Wayne Co,* 196 Mich App 387, 389; 493 NW2d 439 (1992), in which an earlier panel of this Court reached the same result in a case involving a grassy median, was cited to this Court as binding precedent under Administrative Order No. 1990-6, 436 Mich lxxxiv, continued in effect by Administrative Order No. 1991-11, 439 Mich cxliv, and Administrative Order No. 1992-8, 441 Mich cxi. Administrative Order No. 1990-6 makes binding upon this Court "the *rule of law established* by a prior published decision of the Court of Appeals issued on or after November 1, 1990." However, Judge MICHAEL J. KELLY's rationale in *Coluccelli* is without precedential value because a majority of the judges sitting in that case concurred in the result only and did not concur in Judge KELLY's discussion of the governmental immunity issue. Therefore, *Coluccelli* is not binding because, where a majority reaches a decision, but does not agree on the underlying reasoning, no point of law is

established by the decision. *Breckon v Franklin Fuel Co,* 383 Mich 251, 278-279; 174 NW2d 836 (1970); *In re Perry,* 148 Mich App 601, 609; 385 NW2d 287 (1986).

The Court of Claims erred in denying the DOT's motion for summary disposition based on governmental immunity. Therefore, we reverse and remand to the Court of Claims for the entry of an order granting summary disposition to the DOT.