PICK v GRATIOT COUNTY ROAD COMMISSION

SULLIVAN v GRATIOT COUNTY ROAD COMMISSION

Docket Nos. 137719, 137952. Submitted May 4, 1993, at Lansing.
Decided October 26, 1993; approved for publication December
27, 1993, at 9:05 A.M. Leave to appeal sought.

John and Sally Pick and Debbie L. Sullivan brought separate
actions in the Gratiot Circuit Court against the Gratiot County
Road Commission and others, alleging in part negligence by the
commission in failing to control visually obstructive vegetation
on private property near the intersection of two roads under
the jurisdiction of the commission and in failing to erect traffic
control and warning signs for the intersection. The plaintiffs
had been injured in a two-car collision at the intersection. The
court, Timothy M. Green, J., granted summary disposition for
the commission, ruling that the plaintiffs' claims did not fall
within the highway exception to governmental immunity, MCL
691.1402; MSA 3.996(102). The Picks and Sullivan filed separate
appeals, which were consolidated.

The Court of Appeals *held:*

The highway exception to governmental immunity extends
only to the improved, traveled portion of the roadbed of a
highway that was designed for vehicular travel. Neither vegeta-
tion that grows on private property adjacent to the highway
nor a sign or warning device that is physically outside the
traveled portion of the roadbed can be classified as being part
of the improved portion of the highway designed for vehicular
travel.

Affirmed.

SHEPHERD, J., dissenting, stated that a governmental entity
may incur liability for failing to erect any sign or warning
device at a point of hazard on a highway and that summary
disposition for the commission in this case is improper in light

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 104, 342, 345, 346.

Governmental liability for failure to reduce vegetation obscuring
view at railroad crossing or at street or highway intersection. 22
ALR4th 624.

of an unresolved factual issue concerning whether the intersection at issue was a point of hazard.

GOVERNMENTAL IMMUNITY — HIGHWAYS — VEGETATION — TRAFFIC AND WARNING SIGNS.

Vegetation on private property adjacent to a highway and traffic or warning signs that are physically outside the traveled portion of the highway are not parts of the improved portion of the highway for which a governmental entity, pursuant to the highway exception to governmental immunity, may be held liable for negligent design, construction, or maintenance (MCL 691.1402; MSA 3.996[102]).

*Dan Doneth,* for John O. Pick and Sally Pick.

*Becker & Van Cleef, P.C.* (by *Robert Van Cleef*), for Debbie L. Sullivan.

*Law Offices of Rusch & Prine* (by *Andrew W. Prine, P.C.*), for Gratiot County Road Commission.

Before: WAHLS, P.J., and SHEPHERD and CAVANAGH, JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court's order granting summary disposition under MCR 2.116(C)(8) in favor of defendant. Plaintiffs contend that the trial court erroneously decided that the road commission was shielded by governmental immunity, MCL 691.1402; MSA 3.996(102), because it had no duty to maintain areas outside the improved portion of the roadway. We affirm.

On September 5, 1988, plaintiff John Oliver Pick was driving east on Roosevelt Road when his vehicle collided with a vehicle being driven south on Crappo Road by defendant Jan Albert Szymczak. Plaintiffs Sally Pick and Debbie L. Sullivan, passengers in the Pick vehicle, also suffered injuries. The intersection was under the jurisdiction of the road commission and was not controlled by any traffic devices or warning signs.

The Picks and Sullivan brought separate actions against the road commission and others, alleging in part that the road commission (hereafter defendant) negligently failed to design, construct, and maintain the roadway at the intersection where the accident occurred. They further alleged that the defendant failed to control the vegetation growing around the intersection, failed to install traffic control signs, and failed to provide signs warning motorists of the intersection.

Defendant moved for summary disposition, arguing in part that plaintiffs' claims were barred by governmental immunity. Defendant maintained that there was no allegation that a defective condition existed within the traveled portion of the roadbed, but rather that orchards located on private property surrounding the intersection allegedly had created a visual obstruction for oncoming motorists. Consequently, because the plaintiffs did not allege a breach of the defendant's duty to maintain the improved portion of the roadway, the defendant argued that the plaintiffs' claims did not fall within the highway exception to governmental immunity. The trial court agreed with the defendant, and we find no error in that decision.

The legislative intent of the statute was to impose a duty on the state to keep the traveled roadbed in reasonable repair. *Scheurman v Dep't of Transportation,* 434 Mich 619, 631; 456 NW2d 66 (1990). However, the duty is narrowly drawn, and extends only to the improved, traveled portion of the roadbed of a highway that was designed for vehicular travel; it does not include sidewalks, crosswalks, or any other installation outside the improved portion of the highway designed for vehicular travel. *Fogarty v Dep't of Transportation,* 200 Mich App 572; 504 NW2d 710 (1993).

Furthermore, "neither street lighting nor vege-

tation growing on private property adjacent to a road can be classified as being part of the improved portion of the highway designed for vehicular travel." *Scheurman, supra* at 623. The highway exception statute negates the inclusion of street lighting within the duty of the state because the physical structure of the lights falls outside the traveled or paved portion of the roadbed actually designed for public vehicular travel. *Id.* at 633.

In this case, it is very clear that the orchards on private property adjacent to the road cannot be classified as being part of the improved portion of the highway designed for vehicular travel. Consequently, the existence of the orchards and their influence as a visual obstruction of the intersection creates no duty on the part of the defendant under the highway exception to governmental immunity.

What is not so clear is whether the improved portion of the highway includes improvements that serve as integral parts of the highway, such as signs and shoulders. See *Scheurman, supra* at 637, n 29; *Salvati v State Hwy Dep't,* 415 Mich 708; 330 NW2d 64 (1982); *Hutchinson v Allegan Co Bd of Road Comm'rs (On Remand),* 192 Mich App 472, 477; 481 NW2d 807 (1992). If there is an "integral parts of the highway" exception under the broad concept of "traffic sign maintenance" that includes erecting signs or warning devices at points of hazard, it appears to conflict with the very narrow definition of duty that excluded street lighting in *Scheurman.* Because we can find no way to distinguish between street lighting and traffic signs, and because both have their physical structure outside the traveled or paved portion of the roadbed, we must conclude that the defendant is not subject to liability for the alleged lack of adequate traffic signs at the intersection of Roosevelt and Crappo Roads.

Affirmed.

Shepherd, J. *(dissenting).* I disagree with the majority's conclusion that this case is controlled by the limited definition of an improved roadway set forth in *Scheurman v Dep't of Transportation,* 434 Mich 619; 456 NW2d 66 (1990). While the Supreme Court in *Scheurman, supra* at 633, may have clearly stated that there is no duty to provide street lighting because it is not part of the improved portion of a roadway, it did reserve its decision with respect to the duty to post and maintain traffic signs, citing the previous case of *Salvati v State Hwy Dep't,* 415 Mich 708; 330 NW2d 64 (1982). *Scheurman, supra* at 637, n 29. While the Supreme Court was split over the correctness of the trial court's findings of fact in *Salvati, supra,* six members agreed with the legal proposition that a governmental unit may incur liability for failing to erect any sign or warning device "at a point of hazard." See *Salvati, supra* at 715 (opinion by Coleman, J.), and 721 (opinion by Levin, J.), and the cases cited therein. The analysis of both opinions in *Salvati* makes it clear that "the question of the adequacy of a particular system of traffic signs is to be resolved by the trier of fact." *Salvati, supra* at 716 (Coleman, J.); similarly, *Salvati, supra* at 722 (Levin, J.); see also *Soule v Macomb Co Bd of Rd Comm'rs,* 196 Mich App 235, 238; 492 NW2d 783 (1992).

I would reverse and remand for trial. Defendant road commission should not be entitled to governmental immunity where there is a question whether the particular intersection was a "point of hazard" requiring the erection of traffic signs or signals.