THRIFTY RENT-A-CAR SYSTEMS, INC v DEPARTMENT OF
TRANSPORTATION

Docket No. 205136. Submitted March 9, 1999, at Lansing. Decided August
3, 1999, at 9:15 A.M.

> Thrifty Rent-A-Car Systems, Inc., brought an action in the Court of
> Claims against the Michigan Department of Transportation, seeking
> contribution after the plaintiff satisfied a judgment against it from a
> federal court action. The federal court action had been brought
> against Thrifty by a person who was injured when another person
> driving one of Thrifty's vehicles crossed the median of I-75 and hit
> the vehicle in which the first person was an occupant. The plaintiff
> claimed in the Court of Claims that the defendant failed to properly
> maintain the highway's shoulder, median, and attenuator barrels,
> failed to repair defective attenuator barrels, constructed the high-
> way so that it had an improper slope and curvature, and failed to
> warn drivers about the defects. The court, Lawrence M. Glazer, J.,
> granted the defendant's motions for summary disposition on the
> bases that the defendant was immune from tort liability because
> the median was not an improved portion of the highway designed
> for vehicular travel and that the plaintiff had failed to notify the
> defendant of the plaintiff's federal court action as required under
> the relevant subsection of the statute governing contribution
> between tortfeasors, MCL 600.2925a(5); MSA 27A.2925(1)(5). The
> plaintiff appealed, alleging that because it was constitutionally pro-
> hibited from adding the defendant to the federal lawsuit, it had no
> obligation to notify the defendant that the action had commenced.
>
> The Court of Appeals held:
>
> A potential contributee who cannot be added to the original
> action because of a lack of jurisdiction must still receive notice of
> the commencement of the action as a condition to a tortfeasor's
> suit for contribution under MCL 600.2925a(5); MSA 27A.2925(1)(5).
> While the provision is concerned with offering the potential con-
> tributee the opportunity to join the original action, the provision is
> equally concerned with notice to the potential contributee. Notice
> without the opportunity to join the original action is not worthless.
>
> Affirmed.

MARKMAN, P.J., concurring, wrote separately to state that the trial court's orders granting summary disposition for the defendant should be affirmed on the basis that MCL 600.2925a(5); MSA 27A.2925(1)(5) does not authorize a party seeking contribution under the statute's authority to fail to perform preconditions required by the statute that are not impossible for the party to perform.

CONTRIBUTION — ACTIONS — NOTICE OF ORIGINAL ACTION.

A potential contributee who cannot be added to an original action against a tortfeasor because of a lack of jurisdiction must still receive notice of the commencement of the original action as a condition to the tortfeasor's suit against the potential contributee for contribution (MCL 600.2925a[5]; MSA 27A.2925[1][5]).

*Siemion, Huckabay, Bodary, Padilla, Morganti & Bowerman, P.C.* (by *Raymond W. Morganti*), for the plaintiff.

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Harold J. Martin,* Assistant Attorney General, for the defendant.

Before: MARKMAN, P.J., and HOEKSTRA and ZAHRA, JJ.

PER CURIAM. This case presents a question of first impression regarding whether MCL 600.2925a; MSA 27A.2925(1) requires that notice be given to a potential contributee who cannot join the suit for lack of jurisdiction. Because we find that the statute requires that the potential contributee receive notice, we affirm.

Plaintiff is a rental car company. In 1993, a man driving one of plaintiff's cars crossed the median of I-75, crashing through attenuator barrels filled with sand, and hit a car traveling in the opposite direction. The occupant of the second car sued plaintiff in federal court and won a judgment for several hundred thousand dollars. After satisfying the judgment, plaintiff filed this suit for contribution in the Michigan

state Court of Claims. Plaintiff advanced four allegations in its complaint against defendant Michigan Department of Transportation. It claimed that defendant failed to properly maintain the highway's shoulder, median, and attenuator barrels, that defendant failed to repair defective attenuator barrels, that defendant constructed that portion of I-75 so that it had an improper slope and curvature, and that defendant failed to warn drivers about these defects.

Defendant moved for partial summary disposition, arguing that its liability for defective highways under MCL 691.1402; MSA 3.996(102) extended only to "the improved portion of the highway designed for vehicular travel."[1] MCL 691.1402(1); MSA 3.996(102)(1). Defendant argued that the median was not an improved portion of the highway designed for vehicular travel and that defendant therefore was immune from tort liability under MCL 691.1407; MSA 3.996(107). The trial court agreed and granted defendant's motion. Defendant then moved for summary disposition regarding the remaining allegations, arguing that plaintiff had failed to notify it of the original suit as required under the relevant provision of the statute governing contribution between tortfeasors, MCL 600.2925a(5); MSA 27A.2925(1)(5). Again, the trial court granted defendant's motion. Plaintiff appealed as of right.

---

[1] Apparently, at the time of its first motion for summary disposition, defendant did not understand the full breadth of plaintiff's complaint. Specifically, it did not address plaintiff's claims concerning the slope and curvature of the highway. It was only after receiving plaintiff's reply brief, which was filed late, that defendant realized that plaintiff's claim included allegations beyond negligent maintenance of the barrels. At the hearing regarding defendant's first motion, defendant admitted that its motion addressed only part of plaintiff's complaint and, therefore, it was only a motion for partial summary disposition.

We review de novo a trial court's decision to grant summary disposition. *Groncki v Detroit Edison Co*, 453 Mich 644, 649; 557 NW2d 289 (1996). For reasons we will yet discuss, we agree with the trial court's holding that defendant, a potential contributee under MCL 600.2925a(5); MSA 27A.2925(1)(5), was entitled to notice of the suit in federal court. Because no notice was given, plaintiff cannot bring this action for contribution. Furthermore, because plaintiff's claim is barred in its entirety under MCL 600.2925a(5); MSA 27A.2925(1)(5), we do not need to address the trial court's first order granting partial summary disposition.[2]

As noted above, defendant argued that plaintiff failed to comply with the relevant provision of the contribution statute, MCL 600.2925a(5); MSA 27A.2925(1)(5), which states:

> A tort-feasor who satisfies all or part of a judgment entered in an action for injury or wrongful death is not entitled to contribution if the alleged contributee was not made a party to the action and if a reasonable effort was not made to notify him of the commencement of the action. Upon timely motion, a person receiving such notice may intervene in the action and defend as if joined as a third party.

---

[2] While not necessary to our decision, we note that plaintiff's claim that the median is part of the "improved portion of the highway designed for vehicular travel" likely fails in light of this Court's decision in *Fogarty v Dep't of Transportation*, 200 Mich App 572, 574; 504 NW2d 710 (1993). In that case, we held that "[t]he grassy median . . . which separates the northbound and southbound lanes of I-75, is not part of the portion of the roadbed designed for vehicular travel. Accordingly, governmental immunity applies, and the DOT should not be held liable for . . . injuries." *Id.* Given that immunity extends to the median, it is difficult to fathom how a barrel sitting in the median could be part of the improved portion of the highway.

Plaintiff argued that US Const, Am XI prevented it from adding defendant as a party in federal court.[3] The trial court agreed, but found that the contribution statute, MCL 600.2925a; MSA 27A.2925(1), required that notice be given to a potential contributee, even if adding that contributee was a constitutional impossibility.[4]

This case requires us to interpret the statute. Normally, if the plain and ordinary meaning of a statute's language is clear, judicial construction is neither necessary nor permitted. *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992). However, if a literal construction of the statute results in an unreasonable or unjust result inconsistent with the purposes of the statute, then we may depart from that literal construction. *Rowell v Security Steel Processing Co*, 445 Mich 347, 354; 518 NW2d 409 (1994). When interpreting a statute, we strive to avoid absurd or unreasonable consequences. *McAuley v General Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998). In this case we find that a literal interpretation of MCL 600.2925a(5); MSA 27A.2925(1)(5) appears to nullify the statute's notice requirement, because the statute does not appear to apply to those situations where a party cannot join a suit for jurisdictional reasons. This result wreaks an injustice on the potential contributee by denying it notice of the original action.

---

[3] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." US Const, Am XI.

[4] While the issue raises interesting constitutional questions, we need not address them because both parties agree that defendant, a state agency, could not have been made a party to the federal action.

The provision requires that two conditions be met before a potential contributee can be sued for contribution. First, someone in the original action, the suit against the tortfeasor who is seeking contribution, must have made the contributee a party to the original action. Second, someone in the original action must have made a reasonable effort to notify the contributee that the action had commenced.[5] The statute's drafters joined these two conditions with a conjunction, and together they form the antecedent in a conditional.[6]

In other words, both conditions must be satisfied before the tortfeasor can sue the potential contributee for contribution. Both sides agree that plaintiff could not add defendant to the federal lawsuit. Plaintiff argues that, because it could not add defendant, it had no obligation to notify it that the action had commenced. In short, plaintiff argues that, because it could not satisfy one-half of the antecedent, MCL 600.2925a(5); MSA 27A.2925(1)(5) simply does not apply. We disagree.

Although we agree that the statute does not contemplate a situation where the potential contributee cannot join the original action, plaintiff should have observed those statutory requirements that it could have easily satisfied. We hold that where the potential

---

[5] We note that the provision does not require the defendant in that action to join and notify the potential contributee, only that the contributee receive notice and an opportunity to join.

[6] For example, MCL 600.2925a(5); MSA 27A.2925(1)(5) can be restated, in relevant part, as the following conditional: If the alleged contributee was (1) made a party to the action and (2) a reasonable effort was made to notify him of the commencement of the action, then the tortfeasor can bring an action for contribution. This interpretation assumes that the other conditions listed in the provision have been satisfied (i.e., satisfaction of the judgment).

contributee cannot be added for lack of jurisdiction, the potential contributee must still receive notice of "the commencement of the action" as a condition to a tortfeasor's suit for contribution under MCL 600.2925a(5); MSA 27A.2925(1)(5). Our interpretation of this provision is consistent with the entire statute, which emphasizes both notice and an opportunity to join the proceedings. We understand plaintiff's argument that MCL 600.2925a(5); MSA 27A.2925(1)(5) appears primarily concerned with offering the potential contributee the opportunity to join the litigation, but we note that the provision appears equally concerned with notice. While this interpretation does render part of this provision surplusage, we find that it furthers the Legislature's overall intent that potential contributees have some notice of the original action against the tortfeasor. Plaintiff's argument rests on the implied premise that notice without the opportunity to join is worthless, a notion we reject.

Affirmed.

MARKMAN, P.J. (*concurring*). Although I reach the same result as the majority, and concur in much of its analysis, I write separately in order to clarify my own position. MCL 600.2925a(5); MSA 27A.2925(1)(5) essentially states that a tortfeasor (plaintiff) is not entitled to contribution from another tortfeasor (defendant) unless two preconditions are satisfied: (a) an alleged contributee has been made a party to the underlying tort action and (b) a reasonable effort has been made to inform the alleged contributee of the commencement of the tort action.

But for the impossibility here of performing condition a, there would be no disagreement that the performance of both condition a and condition b are

required in order for plaintiff to avail itself of contribution under this statute. Thus, the only question here is, given the impossibility of performing condition a,[1] what is the relationship between the two conditions and statutory contribution. There are at least three possible interpretations of this relationship.

First, as plaintiff argues, the impossibility of performing condition a vitiates the need to perform condition b because these conditions are set forth in the conjunctive in the statute, and because condition b describes an action that is apparently preliminary to condition a. Given that condition a cannot be performed, and given that condition b is predicated on condition a, i.e., because they are joined together as a precondition for contribution, neither need be performed if both cannot be performed. Any other interpretation, in plaintiff's view, would "absurdly" require compliance by a tortfeasor with a futile notification process.

Second, as defendant and the trial court argue, even though condition a cannot be performed, the performance of condition b by itself serves an independent legislative purpose under the contribution statute and should therefore be required even though condition a remains impossible. As the trial court observed:

> [W]hatever the party might have been able to do, whether they might have been able to participate as a party in a lawsuit or whether they may not, whatever they might have

---

[1] Although this Court, see majority opinion at note 4, recognizes that there are limited circumstances under which a state can waive its sovereign immunity, or effectively have it waived by federal legislative action, for all practical purposes the state in a case such as that which underlies the instant contribution action cannot be sued in federal court.

been able to do they never got a chance to do. . . . I don't
think they could have become a party, but they certainly
could have participated in negotiations. They would have
had some weight at that table with everyone knowing that
they are a potential litigant in the Court of Claims, and
those things could have been settled with all three parties
participating in it, but it never happened and couldn't hap-
pen because notice wasn't given . . . .

To deny a defendant notice of a tort action, even one
to which it could not have been joined as a party, is
to deny the defendant an opportunity to take an array
of informal actions that may protect its interests.

Third, the statute is at least susceptible to the inter-
pretation that, given the impossibility of satisfying
condition a—a dilemma that could reasonably have
been anticipated by the Legislature that enacted the
contribution statute given that the relevant impossi-
bility arises out of the Eleventh Amendment of the
United States Constitution, which was ratified in
1798, nearly four decades before Michigan became a
state—the Legislature did not intend that the contri-
bution statute would apply to the state where the
underlying tort was federally derived.

Each of these three interpretations is vulnerable to
legitimate criticisms. Concerning the latter interpreta-
tion—the partial exemption of state entities from the
contribution statute—even defendant, the Michigan
Department of Transportation itself, has not sug-
gested that such an interpretation draws rational dis-
tinctions or is otherwise consistent with the intent of
the enacting Legislature. Further, one would expect
that a legislative purpose of exempting from portions
of the statute as significant an entity as the Michigan
Department of Transportation itself, could have been
better achieved either by an explicit exception to that

effect or by a negative inference drawn from the definition of the parties within the scope of the statute, rather than by a negative inference drawn from the preconditions required for contribution.

Concerning the interpretation adopted by the majority—requiring that a tortfeasor satisfy the nonimpossible condition b—I believe that this represents the most reasonable outcome albeit only among outcomes that are each unsatisfactory in some respect. I remain hard-pressed to reconcile this outcome with the express language of the statute. Although this interpretation has the benefit of relying on language in condition b that is expressly contained within the statute, it is flawed—as the majority also appreciates[2]—by the need to effectively ignore language in condition a that is also expressly contained within the statute. While again, for the reasons set forth by the majority, the outcome is a reasonable one, I am concerned nevertheless that we are taking two conditions, which are not only related as part of an apparent sequence of conduct but joined formally in the conjunctive, and determining that they are to be severed for the purpose of a class of actions—a class that is nowhere identified as in any way distinct in the statute. Still, in this effort, the majority is undertaking to give reasonable meaning to a statute that may not otherwise be susceptible to a reasonable meaning.

Concerning plaintiff's interpretation—that the impossibility of performing one condition allows all

---

[2] "While this interpretation does render part of this provision surplusage, we find that it furthers the Legislature's overall intent that potential contributees have some notice of the original action against the tortfeasor." See majority opinion, *ante* at 680.

the other conditions, at least those that are conceptually related in some fashion to one another, to be disregarded—I believe this to be the most flawed of the three interpretations. That one of several conditions is impossible, and cannot be performed in order for a party to avail itself of the benefits conferred by a statute, may reasonably mean that the statute simply cannot be satisfied, or alternatively that all the other possible conditions must be performed and will suffice, but it cannot mean that the statute is satisfied where neither the impossible nor the possible conditions have been performed. Plaintiff specifically invokes MCL 600.2925a(5); MSA 27A.2925(1)(5) in support of its contribution claim, and contribution cannot be allowed under this provision where there are conditions that are not impossible and that have not been performed.[3] While plaintiff contends that the impossibility of condition a has rendered condition b a nullity, I concur with the majority and with the trial court that this is a determination better left to the contributee than to the contributor—and better still left to the Legislature than to the courts.

The majority has engaged in an intelligent analysis of this difficult statute. It is likely correct in its conclusion that the statute is best interpreted to require only the performance of condition b under the circumstances of the instant case. However, I am more comfortable in finding merely that the interpretation urged upon us by plaintiff cannot be endorsed and, therefore, that defendant prevails. Whatever this imperfect statute means, it does not mean that a

[3] Whether there are nonstatutory grounds in support of contribution is not before this Court because no such grounds have been raised by plaintiff.

party seeking contribution under its authority can fail to perform required conditions that are not impossible.[4] Therefore, I join the majority in affirming the trial court's orders granting summary disposition for defendant.

---

[4] Plaintiff additionally argues that, even if the contribution statute requires notice, failure to provide such notice does not mandate dismissal unless defendant suffered actual prejudice. Assuming that this issue is preserved, this Court has held that it will not read a requirement that prejudice be shown into statutory notice requirements unless the legislative purpose for the notice requirement is unclear and a litigant challenges the constitutionality of the statute. As this Court stated in *Neal v Oakwood Hosp Corp*, 226 Mich App 701; 575 NW2d 68 (1997):

> [W]ere we to hold that a plaintiff's noncompliance with [the statute] requires dismissal only if the noncompliance prejudices the defendant, we would be supplying a judicial gloss contrary to the clear statutory language mandating that "a person *shall not commence* an action alleging medical malpractice . . . unless the person has given . . . written notice . . . not less than 182 days before the action is commenced." [*Id.* at 715, citing *Brown v JoJo-Ab, Inc*, 191 Mich App 208, 212; 477 NW2d 121 (1991).]

MCL 600.2925a(5); MSA 27A.2925(1)(5) unambiguously requires that notice of the commencement of an action be given before contribution can be sought. Nowhere does the statutory language require a showing of prejudice; thus, to read such a requirement into the statute would be to give the statute a judicial gloss contrary to the clear mandate of the statute.

In support of its contention that defendant should have shown actual prejudice before invoking the notice provision of MCL 600.2925a(5); MSA 27A.2925(1)(5) as a defense, plaintiff cites cases that are inapposite. The cases cited by plaintiff involve the issue whether the notice requirement set forth in a statute is reasonable under equal protection analysis, not whether a litigant must show actual prejudice to enforce a statute. For example, in *Brown v Manistee Co Rd Comm*, 452 Mich 354; 550 NW2d 215 (1996), the Supreme Court considered whether a sixty-day notice requirement was reasonable under an equal protection analysis. The Court therefore had to determine whether the statutory notice requirement was supported by a rational basis. Noting that the statute's purpose was the prevention of prejudice to the party entitled to receive notice, the Court held that the sixty-day notice period did not fulfill that purpose. *Id.* at 362-363. The Court held that a statute regarding a specific notice period must serve the purpose of preventing prejudice, not that a party seeking to enforce such a statute must show actual prejudice to invoke the statute's notice provision.